## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **TIFFANY HOPE JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO.: <u>17-415</u>** |
| | ) | |
| **US SECURITY ASSOCIATES** | ) | **JURY TRIAL DEMANDED** |
| **STAFFING, INC., a foreign corporation,** | ) | |
| **DANIEL CARTEE, individually and in** | ) | |
| **his capacity as supervisor, NATALIE** | ) | |
| **PAUL, individually and in her official** | ) | |
| **capacity, DEFENDANT JEFFREY** | ) | |
| **GARDNER, individually and in his** | ) | |
| **official capacity,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>PLAINTIFF'S FIRST COMPLAINT</u>

## I.   <u>INTRODUCTION</u>

1. This is an action for legal and equitable relief to redress unlawful discrimination, harassment on the basis of sex, and retaliation against the Plaintiff. The suit is brought to seek a declaratory judgment, injunctive relief and other equitable relief based on Defendants' engagement in a systemic pattern and practice of discrimination in allowing sexual harassment in employment and to secure the protection of and to redress the deprivation of rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, as amended by the Civil Rights Act of 1991, (hereinafter "Title VII).

2. Specifically, Plaintiff alleges that Defendants retaliated against her for engaging in a protected activity of reporting sexual harassment by her coworker, Defendant Jeffrey Gardner to her supervisor, Defendant Daniel Cartee; subjected her to a hostile work environment because of the continuing retaliation; discriminated against her based on her sex in the terms and benefits of her employment including promotion and discipline; and

unlawfully retaliated against her once she opposed the sexual harassment and discrimination.  Plaintiff seeks a permanent injunction and other equitable relief necessary to eliminate the effects of Defendants' past and present discrimination and to prevent such discrimination from continuing to adversely affect her life, career, including, but not limited to, affirmative restructuring of the promotion selection procedures, training, and other terms and conditions of employment.  Plaintiff seeks damages, back pay, front pay, and other equitable remedies necessary to make herself whole.   Plaintiff seeks compensatory and punitive damages, and requests a trial by jury of all issues triable by a jury pursuant to 42 U.S.C. § 1981a, § 1983.  Further, Plaintiff seeks attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## II.     JURISDICTION AND VENUE

3.      The unlawful employment practices alleged hereinbelow were committed by Defendants within Dallas County, Alabama and the United States Middle District of Alabama. Venue is proper pursuant to 28 U.S.C. § 1391(b), 42 U.S.C. § 2000e-5, and 28 U.S.C. § 1367.

4.      Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and 1343(a)(4), and 42 U.S.C. § 2000e-5; and 42 U.S.C. §§ 12112, 12117(a) and 12203, which incorporates by reference Sections 706(f)(l) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5(f)(l) and (3), Section 102 of the Civil Rights Act of 1991, as amended, 42 U.S.C. § 1981a and the "Civil Rights Act of 1866," as amended by § 101 of the "Civil Rights Act of 1991," and codified at 42 U.S.C. § 1981.

## III.    ADMINISTRATIVE PREREQUISITES

5.      Plaintiff pursues her claims against Defendant U.S. Security under both Title VII and 42 U.S.C. § 1981, and the individually named Defendants under 42 U.S.C. § 1981, and has

met all administrative conditions precedent for filing this case under Title VII. Plaintiff timely filed a charge of discrimination within one hundred-eighty (180) days of the alleged discriminatory conduct, Charge Number 420-2017-01143, and has obtained a Right-To-Sue Notice. Plaintiff has timely brought this action following the issuance of her Right-To-Sue Notice by filing suit within ninety (90) days of receipt of the Right-To-Sue Notice.

6.     Defendants are estopped from asserting that Plaintiff's charge was not timely filed.

## IV.     **PARTIES**

7.     Plaintiff, Tiffany Hope Johnson, is a female citizen of the United States over the age of nineteen (19) years and is a resident of the State of Alabama, and at all times material to this complaint, was an employee of U.S. Security and/or US Security Staffing and assigned to Bush Hog, Inc., Alamo Group as a temporary employee.

8.     Defendant, U.S. Security Associates Staffing, Inc. ("U.S. Security"), is a corporation formed under the laws of the State of Delaware with its principal place of business in Georgia and licensed to conduct business in the State of Alabama in the city of Birmingham, located in Jefferson County, Alabama, and in the city of Selma, located in Dallas County, Alabama, where, at all times relevant, it was an "employer" within the meaning of Title VII and which may be served the process of this Court through its Registered Agent, CT Corporation, with the mailing address of 2 North Jackson Street, Suite 605, Montgomery, Alabama 36104.

9.     Defendant, Daniel Cartee, is an individual over the age of nineteen (19) years and a citizen of the United States. At all times material to this complaint, Cartee was an employee of U.S. Security as a Supervisor. As an agent of U.S. Security, Cartee acted with the authority vested in his by the U.S. Security. He is being sued in his individual and official capacities.

3

10.     Defendant, Natalie Paul, is an individual over the age of nineteen (19) years and a citizen of the United States.  At all times material to this complaint, Paul was an employee of U.S. Security in the Human Resources Department.  As an agent of U.S. Security, Paul acted with the authority vested in her by the U.S. Security.  She is being sued in her individual and official capacities.

11.     Defendant Gardner Gardner is a male individual over the age of nineteen (19) years and a citizen of the United States.  At all times material to this complaint, Gardner was an employee of U.S. Security and assigned to Bush Hog, Inc., Alamo Group as a temporary employee.  As an agent of U.S. Security, Gardner acted with the authority vested in his by the U.S. Security.  He is being sued in his individual and official capacities.

12.     The actions of the above-named Defendants in Paragraphs 5-9 complained of herein, individually and/or in conjunction with other employees of U.S. Security constitute the official policy, practice, or custom of U.S. Security and such conduct represents a deliberate indifference to Plaintiff's rights.  The violation of Plaintiff's constitutional rights resulted from the execution of such policy, custom, or official decision.  Defendants Cartee's and Paul's failure to exercise proper care in the training and/or supervising of their employees was the proximate cause of the sexual harassment and retaliatory treatment received by Plaintiff.

13.     As a result of Plaintiff's complaints regarding all of Defendants continual implementation of a systematic policy of discrimination, harassment, and retaliation based on sex and Plaintiff's participation in a protective activity, Plaintiff was subjected to continual adverse employment actions concerning discipline, job security, and termination.

14.     Defendants  intentionally  interfered  with  the  terms  and  conditions  of  Plaintiff's

4

employment because of her participation in protected activity.

15.   Defendants subjected Plaintiff to the deprivation of her rights and privileges secured by the Constitution, Federal and State statutes.

16.   Defendants were aware of Plaintiff's internal report of the sexual harassment she experienced and Defendants subsequently retaliated against her by terminating her. Defendants were able to investigate and make decisions regarding Plaintiff's charges and, if they saw fit, to take remedial action to attempt to eradicate and compensate Plaintiff for the retaliation that occurred.

## V.   STATEMENT OF FACTS AND CLAIMS

17.   Plaintiff is a black female employee of U.S. Security and was assigned as a temporary employee for Bush Hog, Inc. Alamo Group in Selma, Dallas County, Alabama. Plaintiff became employed by U.S. Security on May 7, 2013.

18.   Defendants Cartee and Paul are employees of U.S. Security in authority/supervisory positions.

19.   On or around September 23, 2015, Defendant US Security began providing services for the company, Bush Hog, Alamo Group. There is a security booth that is worked by US Security Associates employees. The security is done on a shift style work arrangements.

20.   While changing shift in the security booth, another US Security employee, Defendant Gardner was working. Defendant Gardner began rubbing his penis while looking at Plaintiff. Defendant Gardner did not say anything, he was just looking at Plaintiff rubbing his penis and licking his tongue at Plaintiff. This made Plaintiff very uncomfortable.

21.   On or around October 07, 2015, while changing shift in the security booth, Defendant Gardner asked Plaintiff, "could we kick it some time?" Plaintiff told Defendant Gardner

5

that she was married and told him to stop making such statements.

22.     On or around October 30, 2015, Defendant Gardner bumped into Plaintiff at the guard shack coming out the door as Plaintiff was going in and he felt on Plaintiff's buttocks. Plaintiff told him to stop.

23.     On or around November 18, 2015, Defendant Gardner called Plaintiff's cell phone after hours 14 consecutive times. Bush Hog was closed, and he did not tell Plaintiff or text Plaintiff that he was going to be off the next day, which would be the only reason that Defendant Gardner would need to contact Plaintiff after hours. He also did not tell Plaintiff while changing shifts that current day at work. Plaintiff did not answer the phone.

24.     On or around December 12, 2015, Defendant Gardner called Plaintiff's phone from a private unknown number and when Plaintiff answered he stated, could Plaintiff "get out and let him eat [Plaintiff's] pussy?" Plaintiff ignored him and told him to stop.

25.     On or around December 18, 2015, Defendant Gardner stated to Plaintiff while changing shift that he had a crush on Plaintiff. Plaintiff again told him that she was married and to stop making comments to her or touching her.

26.     On or around January 8, 2016, Defendant Gardner texted Plaintiff's phone with a picture of a woman's vagina and texted underneath the picture and said "Tiffany what this pussy look like. I bet you have a juicy pussy like this. I wanna slick it"

27.     On or around January 8, 2016, Defendant Gardner texted Plaintiff's phone again and said, "Hey pretty lady I wanna fuck you."

28.     On or around January 8, 2016, Defendant Gardner texted Plaintiff's phone for a third time and said, "I wish Plaintiff's ole lady was like you"

29.     On or around February 14, 2016, Defendant Gardner texted Plaintiff's phone and said,

"Happy Valentine's Day babe. Come to work early so I can fuck you in this booth. That's your Valentines baby!!"

30.     At this point in time, the sexual harassment had increased and worsened to a point that Plaintiff telling Defendant Gardner to stop was not working.  For this reason, Plaintiff began calling her supervisor, Defendant Cartee, two to three times per month to report this sexual harassment.  However, Defendant Cartee would never answer the phone and never returned Plaintiff's phone calls.  Also at this time, Defendant Gardner began making complaints about his work hours to an employee of US Security, Bush Hog. He began complaining to Connie Messer, the HR Director at Bush Hog.

31.     On or around April 2, 2016, Defendant Gardner texted Plaintiff's phone and said,

> "Ima kill your husband bitch. An fuck you up to bitch. You think you gone disrespect me cause that nigga out here. That's why you keep talking bout you a supervisor cause you knew your husband was coming out here to work. Them mutherfucker flocks said you ain't shit out here. You just scared of that nigga. How dare you get that nigga a job out here where we work at. Bitch fuck you bitch. Why????????????????? I hate you bitch....."

By this time, when Defendant Gardner would make inappropriate sexual comments to Plaintiff, she would tell him to stop and that she was a supervisor and he needed to stop. He continued.

32.     On or around May 22, 2016, Defendant Gardner texted Plaintiff's phone and said "I'm so in love with you until you make me sick."

33.     On or around June 16, 2016, Plaintiff received a texted message from Defendant Gardner. It was a picture of his penis.

34.     On or around July 13, 2016, Defendant Gardner threatened Plaintiff that he would fight her at the booth if she did not let him touch her breast.

35.     On or around July 14, 2016, Defendant Gardner sent Plaintiff a text and said could he

"please see Plaintiff's pussy."

36.   On or around July, 2016, Plaintiff spoke to Defendant Paul and asked if she remembered a while back that Plaintiff called the office at U.S. Security crying asking Defendant Paul for help because Defendant Gardner had touched Plaintiff inappropriately, and was threatening her.   Defendant Paul told Plaintiff to calm down and she would talk with supervisor, Defendant Cartee, when he returned to the office. This phone call was recorded and Defendant Paul stated that she did remember the previous phone conversation.   The previous phone call referenced occurred sometime between January 2016-June 2016.

37.   On or around August 12, 2016, Defendant Gardner pulled out his penis and urinated in a drink bottle in the security booth while he and Plaintiff were changing shifts.

38.   On or around September 21, 2016, Defendant Gardner touched Plaintiff's buttocks.

39.   On or around October 18, 2016, Defendant Gardner called Plaintiff's cell phone after work hours 7 times.   He did not tell Plaintiff earlier that day while they were working that he needed to be off the next day while changing shift.   Bush Hog was closed for the night so there was no reason for him to call Plaintiff.   Plaintiff did not answer the phone and he did not leave a message or send Plaintiff a text message.

40.   On or around October 28, 2016, Defendant Gardner posted on Facebook asking if anyone was looking for a job.   Plaintiff discovered later that the post was for Plaintiff's job because she was to be terminated.

41.   On or around October 28, 2016, Plaintiff received a text from Defendant Cartee telling her not to come in to work but Plaintiff was already there when she received the text.

42.   On or around October 31, 2016, Plaintiff was terminated.   Defendant Cartee did not speak with Plaintiff, but he sent David Drury (field supervisor).   Plaintiff refused to sign the

Action.  When Plaintiff tried to contact Defendant Cartee, he would only respond via text messages.

43.   On or around November 14, 2016, Plaintiff was denied unemployment for falsification of time cards.  Plaintiff never at any time falsified time cards; however, it was reported to unemployment by US Security Associates.

44.   Ever since Plaintiff reported the sexual harassment of Defendant Gardner, her work conditions changed.  Plaintiff was retaliated against by being terminated for engaging in the protected activity by her report of sexual harassment in early 2016 and following up on the outcome with Defendant Paul in July 2016.  The reasons provided for her termination are based on an illegal bias against Plaintiff for engaging in the protected activity of reporting the sexual harassment.  Such bias was a motivating factor for the adverse employment action of termination.

## COUNT I
## TITLE VII VIOLATIONS – ALL DEFENDANTS
## GENDER- BASED HOSTILE WORK ENVIRONMENT

45.   Plaintiff re-alleges and incorporates by reference Paragraphs 1-44 above with the same force and effect as if fully set out in specific detail hereinbelow.

46.   Plaintiff has not only been subjected to individualized acts, incidents, and/or episodes of the hostile work environment and discriminatory animus condoned and created by Defendants, but has similarly been subjected to the hostile work environment and discriminatory animus condoned and created by Defendants through the "totality of the circumstances" of the acts, incidents, and/or episodes experienced by other female employees engaging in protected activities.  These acts, incidents, and/or episodes are described in detail above and below.  A hostile work environment "can be determined only

9

by looking at all the circumstances." *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 23 (1993).

47.    Plaintiff has been discriminated against by U.S. Security and Defendants in the terms, conditions, and privileges of her employment through the creation and toleration of a sexually charged and hostile work environment.

48.    Plaintiff has been subject to a sexually hostile work environment which has been authorized, ratified, encouraged, and condoned by U.S. Security and the other Defendants.

49.    This sexually hostile environment includes, but is not limited to, sexual jokes, sexual harassment, sex/gender stereotypes, sexual and unwelcomed touching, etc.

50.    The sexually hostile environment changed the terms and conditions of the employment of Plaintiff.

51.    Supervisors and/or management officials at U.S. Security participated in, were aware of, encouraged, and/or condoned the sexually hostile work environment.

52.    U.S. Security and Defendants failed to train its employees, on its purported anti-discrimination policy, reporting procedures, and anti-retaliation policy.

53.    U.S. Security, through its agents and employees, has a sexual animus against females, including Plaintiff.

54.    Plaintiff has been directly affected by the discriminatory practices described in this Complaint.

55.    The systemic discrimination, as previously set forth, further adversely affected Plaintiff as an employee by promoting and reinforcing sexual stereotypes, sexual harassment, and gender bias in the workplace.

56.    Plaintiff made good faith complaints in opposition to the sexual harassment to which she

was subjected.

57.   As set out in detail above, in retaliation for Plaintiff's good faith opposition to sexual harassment, U.S. Security and Defendants have retaliated against Plaintiff by taking adverse employment actions against her. Such retaliation was motivated by an illegal bias, though other factors may have also motivated the actions.

58.   U.S. Security's and Defendants' conduct was retaliation based, at least in part, on Plaintiff's protected activities of opposing sexual harassment.

59.   The unlawful actions of U.S. Security and Defendants, as set forth above, constitute a practice, pattern, custom or policy of U.S. Security for allowing acts of sexual harassment, gender discrimination, and/or retaliation in violation of the employees' federally protected rights.

60.   The conduct of U.S. Security and Defendants was so severe or pervasive as to create a sexually hostile working environment for Plaintiff.

61.   U.S. Security and Defendants knew, or should have known, of the sexual harassment, and retaliation of Plaintiff.

62.   U.S. Security and Defendants failed to take any prompt and effective action reasonably calculated to result in the prevention of and/or remedy of the sexual harassment and/or retaliation of Plaintiff.

63.   The actions of U.S. Security and Defendants, as set out herein, violates Title VII.

64.   As a result of the actions of U.S. Security and Defendants, Plaintiff has been injured, suffered distress, humiliation, embarrassment, inconvenience, loss of prestige, mental anguish, emotional pain and suffering, and monetary and economic losses.

65.   Defendants engaged in practices complained herein with malice and/or reckless

11

indifference to Plaintiff's federally protected rights.

66.     Plaintiff suffered damages as approximate result of these violations, which were caused by Defendants' policy or custom and/or a failure to adequately train caused by deliberate indifference to Plaintiff's rights and/or by deliberate indifference to those violations.

67.     Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, back pay, front pay, an injunction, and compensatory and punitive damages is her only means of securing adequate relief.

**COUNT II**
**TITLE VII VIOLATIONS – ALL DEFENDANTS**
**RETALIATION**

68.     Plaintiff re-alleges and incorporates by reference Paragraphs 1-67 above with the same force and effect as if fully set out in specific detail hereinbelow.

69.     Plaintiff has not only been subjected to individualized acts, incidents, and/or episodes of the hostile work environment and discriminatory animus condoned and created by Defendants, but has similarly been subjected to the hostile work environment and discriminatory animus condoned and created by Defendants through the "totality of the circumstances" of the acts, incidents, and/or episodes experienced by other female employees.   These acts, incidents, and/or episodes are described in detail above and below.  A hostile work environment "can be determined only by looking at all the circumstances." *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 23 (1993).  Plaintiff also relies on these acts, incidents, and/or episodes she witnessed toward other female employees.

70.     Plaintiff made good faith complaints in opposition to the sexual harassment to which she was subjected.

71.   As set out in detail above, in retaliation for Plaintiff's good faith opposition to sexual harassment, U.S. Security and Defendants have retaliated against Plaintiff by taking adverse employment actions against her.  Such retaliation was motivated by an illegal bias, though other factors may have also motivated the actions.

72.   U.S. Security's and Defendants' conduct was retaliation based, at least in part, on Plaintiff's protected activities of opposing sexual harassment.

73.   The unlawful actions of U.S. Security and Defendants, as set forth above, constitute a practice, pattern, custom or policy of U.S. Security for allowing acts of sexual harassment, gender discrimination, and/or retaliation in violation of the employees' federally protected rights.

74.   The conduct of U.S. Security and Defendants was so severe or pervasive as to create a sexually hostile working environment for Plaintiff.

75.   U.S. Security and Defendants knew, or should have known, of the sexual harassment, and retaliation of Plaintiff.

76.   U.S. Security and Defendants failed to take any prompt and effective action reasonably calculated to result in the prevention of and/or remedy of the sexual harassment and/or retaliation of Plaintiff.

77.   The actions of U.S. Security and Defendants, as set out herein, violates Title VII.

78.   As a result of the actions of U.S. Security and Defendants, Plaintiff has been injured, suffered distress, humiliation, embarrassment, inconvenience, loss of prestige, mental anguish, emotional pain and suffering, and monetary and economic losses.

79.   Defendants engaged in practices complained herein with malice and/or reckless indifference to Plaintiff's federally protected rights.

13

80.     Plaintiff suffered damages as approximate result of these violations, which were caused by Defendants' policy or custom and/or a failure to adequately train caused by deliberate indifference to Plaintiff's rights and/or by deliberate indifference to those violations.

81.     Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, back pay, front pay, an injunction, and compensatory and punitive damages is her only means of securing adequate relief.

**COUNT III**
**42 U.S.C. § 1981 VIOLATIONS – ALL DEFENDANTS**
**SEXUAL HARRASSMENT**

82.     Plaintiff re-alleges and incorporates by reference Paragraphs 1-81 above with the same force and effect as if fully set out in specific detail hereinbelow.

83.     Plaintiff has not only been subjected to individualized acts, incidents, and/or episodes of the hostile work environment and discriminatory animus condoned and created by Defendants, but has similarly been subjected to the hostile work environment and discriminatory animus condoned and created by Defendants through the "totality of the circumstances" of the acts, incidents, and/or episodes experienced by other female employees engaging in protected activities.   These acts, incidents, and/or episodes are described in detail above and below.  A hostile work environment "can be determined only by looking at all the circumstances." *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 23 (1993).  Plaintiff also relies on these acts, incidents, and/or episodes she witnessed toward other female employees.

84.     Plaintiff has been discriminated against by U.S. Security and Defendants in the terms, conditions, and privileges of her employment through the creation and toleration of a sexually charged and hostile work environment.

14

85.   Plaintiff has been subject to a sexually hostile work environment which has been authorized, ratified, encouraged, and condoned by U.S. Security and the other Defendants.

86.   This sexually hostile environment includes, but is not limited to, sexual jokes, sexual messages, sexual harassment, sex/gender stereotypes, etc.

87.   The sexually hostile environment changed the terms and conditions of the employment of Plaintiff.

88.   Supervisors and/or management officials at U.S. Security participated in, were aware of, encouraged, and/or condoned the racially hostile work environment.

89.   U.S. Security and Defendants failed to train its employees, on its purported anti-discrimination policy, reporting procedures, and anti-retaliation policy.

90.   U.S. Security, through its agents and employees, has a sexual animus against females, including Plaintiff.

91.   Plaintiff has been directly affected by the discriminatory practices described in this Complaint.

92.   The systemic discrimination, as previously set forth, further adversely affected Plaintiff as an employee by promoting and reinforcing sexual stereotypes and gender bias in the workplace.

93.   Plaintiff made good faith complaints in opposition to the sexual harassment to which she was subjected.

94.   As set out in detail above, in retaliation for Plaintiff's good faith opposition to sexual harassment, U.S. Security and Defendants have retaliated against Plaintiff by taking adverse employment actions against her. Such retaliation was motivated by an illegal bias, though other factors may have also motivated the actions.

95. U.S. Security's and Defendants' conduct was retaliation based, at least in part, on Plaintiff's protected activities of opposing sexual harassment.

96. The unlawful actions of U.S. Security and Defendants, as set forth above, constitute a practice, pattern, custom or policy of U.S. Security for allowing acts of sexual harassment, gender discrimination, and/or retaliation in violation of the employees' federally protected rights.

97. The conduct of U.S. Security and Defendants was so severe or pervasive as to create a sexually hostile working environment for Plaintiff.

98. U.S. Security and Defendants knew, or should have known, of the sexual harassment, and retaliation of Plaintiff.

99. U.S. Security and Defendants failed to take any prompt and effective action reasonably calculated to result in the prevention of and/or remedy of the sexual harassment and/or retaliation of Plaintiff.

100. The actions of U.S. Security and Defendants, as set out herein, violates 42 U.S.C. § 1981.

101. As a result of the actions of U.S. Security and Defendants, Plaintiff has been injured, suffered distress, humiliation, embarrassment, inconvenience, loss of prestige, mental anguish, emotional pain and suffering, and monetary and economic losses.

102. Defendants engaged in practices complained herein with malice and/or reckless indifference to Plaintiff's federally protected rights.

103. Plaintiff suffered damages as approximate result of these violations, which were caused by Defendants' policy or custom and/or a failure to adequately train caused by deliberate indifference to Plaintiff's rights and/or by deliberate indifference to those violations.

104. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged

herein, and this suit for a declaratory judgment, back pay, front pay, an injunction, and compensatory and punitive damages is her only means of securing adequate relief.

**COUNT IV**
**42 U.S.C. § 1981 VIOLATIONS – ALL DEFENDANTS**
**RETALIATION**

105.   Plaintiff re-alleges and incorporates by reference Paragraphs 1-104 above with the same force and effect as if fully set out in specific detail hereinbelow.

106.   Plaintiff has not only been subjected to individualized acts, incidents, and/or episodes of the hostile work environment and discriminatory animus condoned and created by Defendants, but has similarly been subjected to the hostile work environment and discriminatory animus condoned and created by Defendants through the "totality of the circumstances" of the acts, incidents, and/or episodes experienced by other female employees engaging in protected activities.   These acts, incidents, and/or episodes are described in detail above and below.   A hostile work environment "can be determined only by looking at all the circumstances."   *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 23 (1993).   Plaintiff also relies on these acts, incidents, and/or episodes she witnessed toward other female employees.

107.   Plaintiff made good faith complaints in opposition to the sexual harassment to which she, and other female employees were subjected.

108.   As set out in detail above, in retaliation for Plaintiff's good faith opposition to sexual harassment, U.S. Security and Defendants have retaliated against Plaintiff by taking adverse employment actions against her.   Such retaliation was motivated by an illegal bias, though other factors may have also motivated the actions.

109.   U.S. Security's and Defendants' conduct was retaliation based, at least in part, on

17

Plaintiff's protected activities of opposing sexual harassment.

110.   The unlawful actions of U.S. Security and Defendants, as set forth above, constitute a practice, pattern, custom or policy of U.S. Security for allowing acts of sexual harassment, gender discrimination, and/or retaliation in violation of the employees' federally protected rights.

111.   The conduct of U.S. Security and Defendants was so severe or pervasive as to create a sexually hostile working environment for Plaintiff.

112.   U.S. Security and Defendants knew, or should have known, of the sexual harassment, and retaliation of Plaintiff.

113.   U.S. Security and Defendants failed to take any prompt and effective action reasonably calculated to result in the prevention of and/or remedy of the sexual harassment and/or retaliation of Plaintiff.

114.   The actions of U.S. Security and Defendants, as set out herein, violates 42 U.S.C. § 1981.

115.   As a result of the actions of U.S. Security and Defendants, Plaintiff has been injured, suffered distress, humiliation, embarrassment, inconvenience, loss of prestige, mental anguish, emotional pain and suffering, and monetary and economic losses.

116.   Defendants engaged in practices complained herein with malice and/or reckless indifference to Plaintiff's federally protected rights.

117.   Plaintiff suffered damages as approximate result of these violations, which were caused by Defendants' policy or custom and/or a failure to adequately train caused by deliberate indifference to Plaintiff's rights and/or by deliberate indifference to those violations.

118.   Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, back pay, front pay, an injunction, and

compensatory and punitive damages is her only means of securing adequate relief.

## VI.   **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests the following relief:

A.  A declaratory judgment that Defendants' employment practices challenged herein are illegal and in violation of Title VII;

B.  A declaratory judgment that Defendants' employment practices challenged herein are illegal and in violation of 42 U.S.C § 1981;

C.  A temporary and permanent injunction against Defendants and their partners, officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in any further unlawful practices, policies, customs, usages, and retaliation by such Defendants set forth herein;

D.  An Order requiring directing Defendants to adjust the wage rates and benefits for Plaintiff that she would have enjoyed but for Defendants' retaliatory actions;

E.  An award of back pay, front pay, lost job benefits, nominal, compensatory, and punitive damages for all legal relief sought in this Complaint;

F.  An award of liquidated damages to Plaintiff;

G.  An award of litigation costs and expenses, including reasonable attorneys' fees to Plaintiff;

H.  An award of such other damages that are appropriate under Title VII of the Civil Rights Act of 1964 as amended 42 U.S.C. § 1981.

I.  Prejudgment interest; and

J.  Any other equitable relief as the Court may deem just and proper.

Respectfully submitted this 14th day of September, 2017.

_____
Barbara H. Agricola
*Attorney for Plaintiff*

**OF COUNSEL**:
AGRICOLA LAW, LLC
127 South 8th Street
Opelika, Alabama 36801
Phone: 334.759.7557
Fax: 334.759.7558
barbara@agrciolalaw.com
www.agricolalaw.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY
DEFENDANTS TO BE SERVIED BY THE CLERK OF COURT VIA SUMMONS**

**U.S. Security Associates Staffing, Inc.**
c/o C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

**Daniel Cartee**
U.S. Security Associates, Inc.
c/o C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

**Natalie Paul**
U.S. Security Associates, Inc.
c/o C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

**Jeffrey Gardner**
U.S. Security Associates, Inc.
c/o C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **TIFFANY HOPE JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO.: 17-415** |
| | ) | |
| **US SECURITY ASSOCIATES** | ) | **JURY TRIAL DEMANDED** |
| **STAFFING, INC., a foreign corporation,** | ) | |
| **DANIEL CARTEE, individually and in** | ) | |
| **his capacity as supervisor, NATALIE** | ) | |
| **PAUL, individually and in her official** | ) | |
| **capacity, DEFENDANT JEFFREY** | ) | |
| **GARDNER, individually and in his** | ) | |
| **official capacity,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S DEMAND FOR JURY TRIAL

**COMES NOW**, Plaintiff **TIFFANY HOPE JOHNSON**, by and through her counsel of

record, Barbara H. Agricola of Agricola Law, LLC, and hereby asserts her right under the Seventh

Amendment to the United States Constitution and demands, in accordance with *Federal Rule of*

*Civil Procedure 38*, a trial by jury on all issues.

Respectfully submitted contemporaneously with Plaintiff's Complaint.

_____
Barbara H. Agricola
*Attorney for Plaintiff*

**OF COUNSEL**:
AGRICOLA LAW, LLC
127 South 8th Street
Opelika, Alabama 36801
Phone: 334.759.7557
Fax: 334.759.7558
barbara@agrciolalaw.com
www.agricolalaw.com

21

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the above and foregoing by electronic filing in the CM/ECF filing system and/or by placing same, along with a summons, in an envelope, properly addressed, and depositing it in the United States Mail, with adequate postage prepaid on this the 14th day of September, 2017.

**<u>U.S. Security Associates Staffing, Inc.</u>**
c/o C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

**<u>Daniel Cartee</u>**
U.S. Security Associates, Inc.
c/o C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

**<u>Natalie Paul</u>**
U.S. Security Associates, Inc.
c/o C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

**<u>Jeffrey Gardner</u>**
U.S. Security Associates, Inc.
c/o C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

**OF COUNSEL**

22